# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOEUR MAO, | No. 2:12-CV-0898-CMK |
| Plaintiff, | |
| vs. | MEMORANDUM OPINION AND ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |
| _____/ | |

Plaintiff, who is proceeding with retained counsel, brings this action under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner of Social Security. Pursuant to the written consent of all parties, this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment. See 28 U.S.C. § 636(c). Pending before the court are plaintiff's motion for summary judgment (Doc. 13) and defendant's opposition thereto (Doc. 14).

/ / /

/ / /

/ / /

## I. PROCEDURAL HISTORY

Plaintiff applied for social security benefits on February 23, 2009. In the application, plaintiff claims that disability began on January 1, 2005. Plaintiff claims that disability is caused by a combination of "headaches; high cholesterol; anemia; depression." Plaintiff's claim was initially denied. Following denial of reconsideration, plaintiff requested an administrative hearing, which was held on July 22, 2010, before Administrative Law Judge ("ALJ") Philip E. Callis. In a October 21, 2010, decision, the ALJ concluded that plaintiff is not disabled based on the following relevant findings:

 1. The claimant has the following severe impairment(s): recurrent major depressive disorder in remission; PTSD; low back pain due to sprain/strain; headaches and dizziness.

 2. The claimant does not have an impairment or combination of impairments that meets or medically equals an impairment listed in the regulations;

 3. The claimant has the following residual functional capacity: light work except she can perform only non-public, simple, repetitive tasks with exposure to others not too intense or prolonged; she can occasionally climb, balance, stoop, kneel, crouch, and crawl; she must avoid concentrated exposure to extreme cold and hazards such as machinery and heights.

 4. Considering the claimant's age, education, work experience, residual functional capacity, and vocational expert testimony, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

After the Appeals Council declined review on February 7, 2012, this appeal followed.

## II. STANDARD OF REVIEW

The court reviews the Commissioner's final decision to determine whether it is: (1) based on proper legal standards; and (2) supported by substantial evidence in the record as a whole. See Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). "Substantial evidence" is more than a mere scintilla, but less than a preponderance. See Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996). It is ". . . such evidence as a reasonable mind might accept as adequate to

support a conclusion." Richardson v. Perales, 402 U.S. 389, 402 (1971). The record as a whole, including both the evidence that supports and detracts from the Commissioner's conclusion, must be considered and weighed. See Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the Commissioner's decision simply by isolating a specific quantum of supporting evidence. See Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a particular finding, the finding of the Commissioner is conclusive. See Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Therefore, where the evidence is susceptible to more than one rational interpretation, one of which supports the Commissioner's decision, the decision must be affirmed, see Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

### III. DISCUSSION

In her motion for summary judgment, plaintiff argues that the ALJ erred with respect to evaluation of the medical opinion evidence, specifically the opinions of Drs. Sharma, Friedman, Tran, and Wong. The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals. See Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1995). Ordinarily, more weight is given to the opinion of a treating professional, who has a greater opportunity to know and observe the patient as an individual, than the opinion of a non-treating professional. See id.; Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987). The least weight is given to the opinion of a non-examining professional. See Pitzer v. Sullivan, 908 F.2d 502, 506 & n.4 (9th Cir. 1990).

///

1          In addition to considering its source, to evaluate whether the Commissioner
2  properly rejected a medical opinion the court considers whether:  (1) contradictory opinions are
3  in the record; and (2) clinical findings support the opinions.  The Commissioner may reject an
4  uncontradicted opinion of a treating or examining medical professional only for "clear and
5  convincing" reasons supported by substantial evidence in the record.  See Lester, 81 F.3d at 831.
6  While a treating professional's opinion generally is accorded superior weight, if it is contradicted
7  by an examining professional's opinion which is supported by different independent clinical
8  findings, the Commissioner may resolve the conflict.  See Andrews v. Shalala, 53 F.3d 1035,
9  1041 (9th Cir. 1995).  A contradicted opinion of a treating or examining professional may be
10 rejected only for "specific and legitimate" reasons supported by substantial evidence.  See Lester,
11 81 F.3d at 830.  This test is met if the Commissioner sets out a detailed and thorough summary of
12 the facts and conflicting clinical evidence, states her interpretation of the evidence, and makes a
13 finding.  See Magallanes v. Bowen, 881 F.2d 747, 751-55 (9th Cir. 1989).  Absent specific and
14 legitimate reasons, the Commissioner must defer to the opinion of a treating or examining
15 professional.  See Lester, 81 F.3d at 830-31.  The opinion of a non-examining professional,
16 without other evidence, is insufficient to reject the opinion of a treating or examining
17 professional.  See id. at 831.  In any event, the Commissioner need not give weight to any
18 conclusory opinion supported by minimal clinical findings.  See Meanel v. Apfel, 172 F.3d 1111,
19 1113 (9th Cir. 1999) (rejecting treating physician's conclusory, minimally supported opinion);
20 see also Magallanes, 881 F.2d at 751.

      **A.**    **Drs. Friedman and Sharma**

      As to Drs. Friedman and Sharma, the ALJ stated:

> The claimant was examined by Satish Sharma, M.D., at the request of the State agency.  On April 11, 2009, Dr. Sharma reported that the claimant had pain with forward flexion to 70 degrees and extension to 20 degrees. Straight leg raise was negative.  Dr. Sharma observed that the claimant had 5/5 motor strength in all groups tested.  She had 2+ reflexes throughout. She had decreased sensation in the thumb, index, and middle fingers of the left hand.  Tinel sign was positive.  The claimant was right-hand dominant.

> She had 60/65/40 pounds of grip strength in the right hand, and 65/60/40 pounds of left hand grip strength. The claimant had 180/180 degrees of shoulder abduction bilaterally. Dr. Sharma diagnosed low back pain secondary to musculoskeletal strain, combination of muscle tension and vascular headaches, dizziness secondary to vertigo, depression, and insomnia, and left carpal tunnel syndrome. Dr. Sharma stated that the claimant could lift and carry twenty pounds occasionally and ten pounds frequently. The claimant could stand/walk six hours in an eight-hour workday. She could sit six hours in an eight-hour workday. She could stoop and bend occasionally. She could hold, feel, and finger occasionally, with the left hand. (Exhibit 4F).
>
> * * *
>
> The State agency physician [Dr. Friedman] who reviewed the claimant's case on April 28, 2009, stated that the claimant could lift and carry twenty pounds occasionally and ten pounds frequently. The claimant could stand/walk six hours in an eight-hour workday. She could sit six hours in an eight-hour workday. She could occasionally push and pull with her left arm. She could climb, balance, stoop, kneel, crouch, and crawl occasionally. She could occasionally handle, finger, and feel with her left hand. She had to avoid concentrated exposure to hazards such as machinery and heights. (Exhibit 6F).
>
> * * *
>
> The undersigned gives great weight to the opinions of the State agency physician [Dr. Friedman] and Dr. Sharma as to the claimant's limitations, with the exception of the limited use of the left hand. Although Dr. Sharma diagnosed carpal tunnel syndrome in the non-dominant left hand, the claimant had left-hand grip strength nearly equivalent to her right hand grip strength. [The claimant's treating physician] Dr. Tran has not treated the claimant for carpal tunnel syndrome. Given the lack of treatment for the claimant's left hand symptoms, and her grip strength, the undersigned finds that the claimant does not have a limited ability to use her left arm and hand.

Plaintiff argues that the ALJ erred in rejecting these doctors' opinion that plaintiff could only occasionally hold, feel, and finger with the left hand. The court finds no error. As the ALJ noted, and as plaintiff acknowledges in her brief, Dr. Sharma's own objective findings regarding grip strength do not support the doctor's assessed left hand limitation. Specifically, though Dr. Sharma assessed limited ability to use the left hand, the doctor observed that hand grip strength in both hands was essentially the same. Additionally, as the ALJ noted, plaintiff never sought treatment for left-hand carpal tunnel syndrome.

5

B. **Dr. Tran**

As to Dr. Tran, the ALJ stated:

> Toan Hung Tran, M.D., is the claimant's primary care physician. Dr. Tran's treatment notes contain few observations or medical findings. They consist mainly of complaints and diagnoses (Exhibit 3F; Exhibit 13F; Exhibit 18F). A "problem list" of March 5, 2009, lists major depression and osteoarthritis. (Exhibit 3F, p. 2).
>
> * * *
>
> On March 5, 2009, Dr. Tran stated [in a functional assessment] that the claimant could sit six hours in an eight-hour workday. The claimant could stand four hours in an eight-hour workday. The claimant could walk one hour in an eight-hour workday. The claimant could occasionally lift and carry up to 50 pounds. She could occasionally handle, reach, bend, kneel, crawl, crouch, balance, and climb. She could not understand, remember, and carry out instructions; respond appropriately to co-workers and supervisors; respond appropriately to work situations; maintain attention and concentration; maintain persistence and pace, or handle funds.
>
> * * *
>
> Although Dr. Tran stated that the claimant could occasionally finger, Dr. Tran marked each physical task as "occasional," including lifting and carrying 50 pounds occasionally. Dr. Tran did not support the opinion with objective findings. The undersigned gives little weight to Dr. Tran's assessment, as it is not consistent with the claimant's treatment record, including Dr. Tran's decision not to refer the claimant for treatment by medical specialists.

Plaintiff argues that the ALJ erred in rejecting Dr. Tran's March 5, 2009, functional assessment.

A review of Dr Tran's March 2009 assessment indicates that the doctor found plaintiff limited to "occasional" lifting, carrying, handling, reaching, bending, kneeling, crawling, crouching, balancing, and climbing. This assessment, however, is unclear in that it does not indicate whether plaintiff's hand limitations apply bilaterally. One would imagine that, if Dr. Tran had observed clinical findings to suggest limitations to the left hand consistent with plaintiff's complaints of left hand carpale tunnel syndrome, the assessment would have mentioned the left. It is impossible to say because Dr. Tran did not cite to any clinical findings to support the assessed limitations. Similarly, Dr. Tran did not provide any objective reasons supporting assessed mental limitations, such as an inability to understand, remember, and carry

6

out instructions. For these reasons, the ALJ did not err in rejecting Dr. Tran's assessment completely.

    **C.**    **Dr. Wong**

As to Dr. Wong, the ALJ stated:

> The claimant was examined by Patrick Wong, M.D., a board-certified psychiatrist, on April 17, 2009, at the request of the State agency. Dr. Wong interviewed the claimant through a professional interpreter. The claimant had been a housewife most of her life, raising seven children. Her children ranged in age from four years old to twenty-five years old. She felt like a failure because her children had not turned out the way she wanted them to. She felt depressed more days than not. The claimant did some of the cooking, cleaning, and housework. The claimant was currently taking sertraline and trazodone. Dr. Wong noted that these medications suggest that psychosis was not currently a treatment factor. Dr. Wong observed that the claimant exhibited good social reciprocity on the surface, but was quite troubled and distraught, particularly when describing the past. She was able to gather herself up after this fairly well, though. Speech appeared to be fluent and prosodic. There was no psychomotor agitation or retardation. Affect was full range. Mood was depressed. Dr. Wong diagnosed recurrent major depression in partial remission and chronic post-traumatic stress disorder. He assigned a GAF of 50. Dr. Wong stated that the claimant was likely to experience marked impairment in her ability to carry out complex instruction when her depression was particularly activated or when her post-traumatic stress symptoms were activated. Dr. Wong guessed that the claimant was markedly more symptomatic several times a month or so. The claimant's ability to maintain an adequate pace and level of endurance over an eight-hour workday was likely to be inconsistent. Her ability to relate to co-workers and the public was also likely to be inconsistent. Her ability to adapt to changes in a workplace was limited by these psychiatric factors. She was likely to have a high, elevated likelihood of decompensation under typical workplace conditions. (Exhibit 5F).
>
>                          * * *
>
> Dr. Wong apparently had only the records of the Mental Health intake assessment to review. Dr. Wong examined the claimant soon after her treatment started, before Dr. Smith noted improvement in the claimant's condition. Dr. Wong only had the opportunity to examine the claimant once. Given the improvement in the claimant's condition documented by the Mental Health treatment notes, the undersigned gives little weight to Dr. Wong's assessment.

/ / /

/ / /

In arguing that the ALJ improperly rejected Dr. Wong's assessment, plaintiff ignores the assessments of state agency consultative sources Dr. Khan and Dr. Friedman.  Dr. Khan submitted a mental residual functional capacity assessment on May 11, 2009, and concluded that plaintiff is able to understand and remember simple instructions, is able to sustain attention and concentration to complete a workday at an acceptable pace, is able to interact adequately in casual settings, and is able to respond to simple and infrequent changes in routine.  Dr. Friedman submitted a statement on October 6, 2009, concurring with these conclusions.

Finally, though Drs. Khan and Friedman are non-examining sources usually insufficient to contradict the opinion of an examining source, the ALJ cited "other evidence."  Specifically, the ALJ noted that Dr. Wong had examined plaintiff only shortly after she began complaining of mental health problems and before some improvement was noted by treating sources.

### IV.  CONCLUSION

Based on the foregoing, the court concludes that the Commissioner's final decision is based on substantial evidence and proper legal analysis.  Accordingly, IT IS HEREBY ORDERED that:

    1.    Plaintiff's motion for summary judgment (Doc. 13) is denied;

    2.    The decision of the Commissioner of Social Security is affirmed; and

    3.    The Clerk of the Court is directed to enter judgment and close this file.

DATED: March 31, 2014

                                                                                                    
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE